IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTHA HENDERSON
o/b/o D.B., A MINOR,

            Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

            Defendant.

CIVIL ACTION
NO. 14-5257

## ORDER

**AND NOW**, this 12th day of October, 2016, upon careful consideration of the Report and Recommendation filed by United States Magistrate Judge Lynne A. Sitarski and independent review of the record in this matter, including Plaintiff's objections to the Report and Recommendation,[1] it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**.

2. Plaintiff's Motion for Summary Judgment and Request for Review is **DENIED**.

3. Judgment is entered in favor of Defendant.

---

[1] The only issue raised (or rather reiterated) in the objections that gives the Court pause is the question of the ALJ's consideration of D.B.'s medications; ultimately, the ALJ's opinion is sufficient on that issue.

    The ALJ specifically noted: D.B.'s improvement interacting with and relating to others since starting psychotropic medication; his improved sleep on medication; his weight gain on medication, juxtaposed with recent treatment notes indicating no health problems; and the recent prescription of Ritalin, an indication of potential problems attending and completing tasks, but countered by evidence of good attention during therapy and a lack of hyperactivity at school. (R. 26-29).

    As noted by the magistrate and Plaintiff, any weakness in the ALJ's consideration of medication relates to frequency of medication and changes over time. *See* 20 C.F.R. § 416.924a(b)(9)(i)(C) and (D). But the litany of medication changes recited by Plaintiff ends more than a year prior to the ALJ hearing, except for the late addition of Ritalin and an apparent increase in Trazadone a few months earlier. (R. 260, 292). In other words, D.B.'s medications had been relatively stable in the period leading up to the ALJ's opinion, and there was little information from which to assess recent changes or any further frequency and change issues. Any more explicit analysis by the ALJ would, therefore, have been empty and inconsequential, and its absence in the ALJ's opinion was harmless as the magistrate concluded.

2

4. The Clerk of Court shall mark the case closed.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.